**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JANET WOODARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 26-cv-1969 |
| v. | ) | |
| | ) | Judge April M. Perry |
| RUSH OAK PARK HOSPITAL, INC.,[1] | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION AND ORDER

Janet Woodard ("Plaintiff") brings this case against Rush Oak Park Hospital, Inc. ("Defendant") under the Americans with Disabilities Act ("ADA") and the Family and Medical Leave Act ("FMLA"). Doc. 21. As alleged in the first amended complaint, Defendant terminated Plaintiff two days after she returned from FMLA leave and requested a work accommodation of "no heavy lifting." *See id.* ¶¶ 29, 31. Plaintiff therefore asserts claims for disability-based discrimination, failure to provide a reasonable accommodation, and retaliation under the ADA, as well as retaliation under the FMLA. *See id.* ¶¶ 39-80. Defendant now moves to dismiss Counts I-III under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.[2] Docs. 22; 26. For the reasons set forth below, Defendant's motion to dismiss is granted in part and denied in part.

---

[1] Defendant's Motion to Dismiss states that Plaintiff incorrectly identified Defendant as "Rush Oak Park Hospital, Inc." rather than "Rush Oak Park Hospital." Doc. 22. This opinion uses the name included in the complaint.

[2] Although Defendant's Motion to Dismiss only references Plaintiff's disparate treatment and failure to accommodate claims under the ADA (Counts I-II), *see* Docs. 22-23, Defendant indicated in its reply brief that it "seeks to dismiss all of the ADA claims … including the ADA-based retaliation claim in Count III." Doc. 26 at 1 n.1.

## BACKGROUND

Plaintiff was an employee in Defendant's Environmental Services Department from 2022 until her termination on November 18, 2025. Doc. 21 ¶¶ 13, 31. On September 18, 2025, Plaintiff began an approved FMLA leave to undergo a hysterectomy and removal of a mass. *Id.* ¶ 25. Following the surgery, Plaintiff experienced chronic pain and discomfort, fatigue, changes in bowel movements, and various psychiatric symptoms that "reduced [her] ability to perform daily tasks." *Id.* ¶¶ 27-28. Plaintiff nonetheless returned to work on November 16, 2025 with a "medical restriction of no heavy lifting." *Id.* ¶ 29. Defendant terminated Plaintiff two days later. *Id.* ¶ 31. Plaintiff was informed at the time of the termination that she was being fired due to a verbal altercation that had occurred between Plaintiff and a coworker more than two months earlier, for which Plaintiff was not previously disciplined. *Id.* ¶¶ 18-20**,** 31-33. Plaintiff alleges that Defendant's stated reason for the termination was pretextual and she was actually terminated for taking FMLA-protected leave and requesting an accommodation once she returned to work. *See id.* ¶¶ 35-36.

## LEGAL STANDARD

Under Rule 12(b)(6), a case should be dismissed when a plaintiff fails to state a claim upon which relief can be granted. A 12(b)(6) motion is a challenge to the sufficiency of a complaint, not its merits. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). When considering such a motion, the Court accepts as true all well-pleaded facts in the complaint and draws all reasonable inferences from those facts in the plaintiff's favor. *See Kubiak v. City of Chicago*, 810 F.3d 476, 480-81 (7th Cir. 2016).

To survive a motion to dismiss, a plaintiff need only include "a short and plain statement of a claim that is plausible on its face and entitles them to relief." *Roldan v. Stroud*, 52 F.4th 335,

339 (7th Cir. 2022). The short and plain statement must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The factual allegations in the complaint must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

## ANALYSIS

Under the ADA, there are two types of discrimination claims – (1) disparate treatment on the basis of disability; and (2) failure to provide a reasonable accommodation. *Sieberns v. Wal-Mart Stores, Inc.*, 125 F.3d 1019, 1021-22 (7th Cir. 1997). To plausibly allege either, "a plaintiff must establish first that [s]he was a qualified individual with a disability."[3] *Id.* at 1022 (internal quotations omitted). A plaintiff can establish that she is disabled by pleading "either (1) that [s]he has a physical or mental impairment that substantially limits [her] in one or more major life activities; (2) that [s]he has a record of such an impairment; or (3) that the employer regarded [her] as having such an impairment." *Nese v. Julian Nordic Const. Co.*, 405 F.3d 638, 641 (7th Cir. 2005).

In this case, Plaintiff alleges that she has an impairment within the meaning of the ADA. *See* Doc. 21 ¶¶ 27-28. Defendant responds that Plaintiff's ADA claims must be dismissed because Plaintiff has not adequately pled that she is disabled as defined by the ADA. *See* Docs.

[3] To state a claim for disparate treatment, a plaintiff must also allege that she "is qualified to perform the essential functions of [her] job either with or without reasonable accommodation" and that she "suffered from an adverse employment action because of [her] disability." *Kersting v. Wal-Mart Stores, Inc.*, 250 F.3d 1109, 1115 (7th Cir. 2001). To state a failure to accommodate claim, the plaintiff must also allege that the defendant was aware of her disability and failed to reasonably accommodate it. *Gratzl v. Off. of Chief Judges of 12th, 18th, 19th, & 22nd Jud. Cirs.*, 601 F.3d 674, 678 (7th Cir. 2010).

23 at 4-6; 26 at 1 n.1. The Court therefore considers whether Plaintiff's "post-surgical condition with multiple physical and psychological manifestations," Doc. 25 at 6, is an impairment under the ADA, and if so, whether Plaintiff was substantially limited by such impairment.

As an initial matter, it is plausible that Plaintiff's chronic pain and discomfort, fatigue, and change in bowel movements following surgery could qualify as physical impairments under the ADA. *See* 29 C.F.R. § 1630.2(h)(1) (defining "physical or mental impairment" to include "[a]ny physiological disorder or condition … affecting one or more body systems[.]"); *see, e.g.*, *U.S. Equal Opportunity Comm'n v. Alto Ingredients, Inc.*, No. 1:24-CV-1269, 2026 WL 1865730, at *2 (C.D. Ill. June 29, 2026) (recognizing "sciatica and chronic neck and back pain" as a disability under the ADA).[4] Defendant argues that the complaint is insufficient because it fails to "identify the purported disability or impairment" that caused Plaintiff's symptoms. *See* Doc. 23 at 5-6. But Defendant has not cited any case law that requires a plaintiff to plead the etiology of her post-surgical complications in order to plausibly allege a physical impairment. Therefore, while the root cause of Plaintiff's post-surgical condition is unclear, the symptoms listed in the complaint are enough to provide fair notice to Defendant of the basis for Plaintiff's alleged disability.

All that said, "[h]aving an impairment is not enough" to establish that one is disabled within the meaning of the ADA. *Porch v. Potter*, 367 F. App'x 669, 672 (7th Cir. 2010); *Cassimy v. Bd. of Educ. of Rockford Pub. Schs., Dist. No. 205,* 461 F.3d 932, 936 (7th Cir. 2006) ("Not every medical affliction amounts to, or gives rise to, a substantial limitation on a major life activity."). A complaint must also plausibly explain how medical symptoms significantly restrict

---

[4] Medically diagnosed mental conditions are considered impairments under the ADA. *See Krocka v. City of Chicago*, 203 F.3d 507, 512 (7th Cir. 2000). However, Plaintiff has not alleged that her "symptoms of anxiety, depression, and PTSD" have been diagnosed by a professional as a medical condition. Therefore, these symptoms do not necessarily rise to the level of an impairment under the ADA.

or foreclose a plaintiff's ability to "perform a major life activity that the average person in the general population can perform." *Kampmier v. Emeritus Corp.*, 472 F.3d 930, 937 (7th Cir. 2007). Major life activities under the ADA are those which are "basic functions of life," *Davidson v. Midelfort Clinic, Ltd.*, 133 F.3d 499, 505 (7th Cir. 1998), including "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." 42 U.S.C. § 12102(2)(A).

The pleading standard under the ADA "is not meant to be … demanding." 29 C.F.R. § 1630.2(j)(1)(i). At the same time, "[t]he ADA is not a general protection for medically afflicted persons." *Nese*, 405 F.3d at 641. Moreover, the fact that a plaintiff had an FMLA-covered medical condition does not on its own satisfy the ADA's disability standard. *Burnett v. LFW Inc.*, 472 F.3d 471, 483 (7th Cir. 2006) ("Disability under the ADA and serious health condition under the FMLA are distinct concepts that require different analyses.") (cleaned up).

In this case, the complaint alleges that "[i]n the time following her surgery and leading up to her termination, Plaintiff's disability substantially limited major life activities including but not limited to working, sleeping, concentrating, interacting with others, [and] standing and sitting for periods of time." Doc. 21 ¶ 27. Plaintiff does not explain in the complaint or in her response, however, how or to what extent she was unable sleep, concentrate, interact with others, stand, or sit at the time of her termination. Without any facts to support the conclusory statement that her life activities were substantially limited, the Court cannot find it plausible that Plaintiff was disabled within the meaning of the ADA. *See, e.g.*, *Haag v. Cook Cnty. Adult Prob.*, No. 17 C 05403, 2018 WL 5249228, at *3 (N.D. Ill. Oct. 22, 2018) (noting that the complaint "must provide some *factual* (instead of conclusory) explanation on the effect [the plaintiff's] disability

has had on her major life activities such that it could plausibly fall within the protections of the ADA") (emphasis in original).

The only major life activity that Plaintiff addresses in her response brief is working. Specifically, Plaintiff argues that her inability to return to work for two months following her surgery and the subsequent restriction on her ability to do heavy lifting "demonstrate[] a substantial limitation of the major life activity of working." Doc. 25 at 6-7. However, Plaintiff must plausibly allege that she was "entitled to the ADA's protections *at the time* of [her] termination." *Burnett*, 472 F.3d at 483 (emphasis added). While Plaintiff may have been unable to work while on medical leave, this provides little insight into Plaintiff's condition once she chose – and was medically cleared – to return to work. Additionally, in order to be "qualified" under the ADA, Plaintiff must be able to "perform the essential functions" of her job "with or without reasonable accommodation," which incompatible with the complete inability to work. *McAllister v. Innovation Ventures, LLC,* 983 F.3d 963, 971 (7th Cir. 2020) ("Inability to work for a multi-month period removes a person from the class protected by the ADA.").

The only fact pled relating to a limitation at the time Plaintiff was terminated was her restriction from doing heavy lifting. However, "to demonstrate a significant limitation on [a plaintiff's] ability to work, it is not enough for the plaintiff to show that her impairment prevented her from performing one narrow job for one employer," *Davidson*, 133 F.3d at 506 (cleaned up), or, in this case, a particular element of such job. *See Valadez v. Steiner Corp.*, 156 F. App'x 821, 824 (7th Cir. 2005) ("An inability to perform occupation-specific tasks, however, is insufficient to establish a disability under the ADA."). Instead, Plaintiff "must show that the impairment significantly restricts the ability to perform a class of jobs or a broad range of jobs in various classes." *Winsley v. Cook Cnty.*, 563 F.3d 598, 604 (7th Cir. 2009) (internal quotations

omitted). The complaint does not include any allegations that Plaintiff was substantially limited in her ability to perform a class or broad range of jobs, or even Plaintiff's own job for that matter, just because she could not lift "heavy" objects. *See Burnett*, 472 F.3d at 484 (finding plaintiff failed to show that his frequent urination and a temporary restriction on heavy lifting and strenuous activity substantially limited his ability to perform a class or broad range of jobs). Nor does the inability to lift heavy objects necessarily interfere with other central functions of daily life. *See Mack v. Great Dane Trailers*, 308 F.3d 776, 781 (7th Cir. 2002) ("An inability to lift heavy objects may disqualify a person from particular jobs but does not necessarily interfere with the central functions of daily life"). Plaintiff therefore has failed to allege that she is a qualified individual with a disability for the purposes of the ADA, and her disparate treatment and failure to accommodate claims in Counts I and II must be dismissed.[5]

As to Count III, Defendant argues for the first time in its reply that Plaintiff's ADA claim for retaliation should also be dismissed for failure to plead a disability. The Court disagrees. First, arguments raised for the first time in a reply brief are waived. *United States v. Adamson*, 441 F.3d 513, 521 n.2 (7th Cir. 2006). Second, even if Defendant had raised this argument in its initial brief, "[t]he ADA also prohibits retaliating against individuals (qualified or not) who have engaged in activities protected by the ADA, such as … requesting reasonable accommodations. A court's conclusion that an individual does not have a disability does not foreclose a retaliation

---

[5] Plaintiff's failure to accommodate claim is insufficient for at least one additional reason. "[A]n employer's accommodation duty is triggered only in situations where an individual who is qualified on paper requires an accommodation in order to be able to perform the essential functions of the job." *Hooper v. Proctor Health Care Inc.*, 804 F.3d 846, 852 (7th Cir. 2015). Here, the complaint alleges that "[d]espite [Plaintiff's] disability, [she] was qualified to perform the essential functions of her position, *with or without* reasonable accommodation." Doc. 21 ¶ 17 (emphasis added). Therefore, even if Plaintiff requested an accommodation from Defendant, she "cannot state a failure to accommodate claim if she was able to perform all essential functions of her job" without any such accommodation. *See Hooper*, 804 F.3d at 852. Nowhere does the complaint explain what the essential functions of Plaintiff's job were, or how or why accommodation was necessary for Plaintiff to be able to perform her job duties.

claim." *Rowlands v. United Parcel Serv. - Fort Wayne*, 901 F.3d 792, 798 (7th Cir. 2018) (cleaned up); *Morgan v. Joint Admin. Bd., Ret. Plan of Pillsbury Co. & Am. Fed'n of Grain Millers*, AFL-CIO-CLC, 268 F.3d 456, 458-59 (7th Cir. 2001) (noting that the ADA's protections against discrimination cover "otherwise qualified individuals" with a disability, "but the retaliation provision protects individuals, period"). As a result, the mere fact that Plaintiff has failed to adequately plead she is a qualified person with a disability for the purposes of her discrimination claims is not fatal to her claim for retaliation. Defendant's motion to dismiss Count III is denied.

**CONCLUSION**

For the foregoing reasons, Counts I and II are dismissed without prejudice, and Count III will proceed to discovery with Plaintiff's FMLA claim.

Dated: November 24, 2026

April M. Perry

APRIL M. PERRY
United States District Judge